R. FREDERICK CHASE, as Administrator D. B. N. of the Estate of EDSON CARR, Deceased, et al., Respondents, v. JOHN W. SENTER, Appellant.

Third Department, April 19, 1973.

*Joseph J. Martin* for appellant.

*R. Frederick Chase,* in person (*Charles Cohen* of counsel), for R. Frederick Chase, respondent.

*Edward O. Spain* for Brahan, respondent.

STALEY, JR., J. These are appeals (1) from an order of the Supreme Court at Special Term, entered May 22, 1970 in Rensselaer County, which granted a motion by plaintiffs for summary judgment, and (2) from the judgment entered thereon.

This action was brought on July 1, 1966 pursuant to article 15 of the Real Property Actions and Proceedings Law seeking a judgment declaring a tax deed describing property in the Town of Stephentown, County of Rensselaer, assessed to Edson Carr and Ella Carr null and void; directing that the tax deed be canceled of record; and barring all claims in the real property described therein by defendant and all persons claiming under the tax deed.

At a tax sale held on October 7, 1960, a tax sale certificate was issued to W. J. Cowee, Inc., it being the successful bidder. At a tax sale held on October 6, 1961, W. J. Cowee, Inc. was again issued a tax sale certificate. On July 31, 1962 Helen N. Lapp redeemed the tax sale certificates issued to W. J. Cowee, Inc. At a tax sale held on October 5, 1962, Helen N. Lapp was the successful bidder and was issued a tax sale certificate. At the tax sale held on October 4, 1963, Helen N. Lapp was again the successful bidder and was issued a second tax sale certificate.

On October 5, 1963 Helen N. Lapp requested the County Treasurer to issue a deed to her conveying the subject property. Nothing in the record indicates that this request was made in writing as provided by section 1018 of the Real Property Tax Law. On November 12, 1963 the County Treasurer conveyed the property as described in the tax rolls to the County of Rensselaer, the deed containing a recital referring to the tax sale

held on October 7, 1960. On the same day, November 12, 1963, the County of Rensselaer, acting through the County Treasurer, delivered a deed to Helen N. Lapp describing the real property conveyed to it by the County Treasurer. On April 21, 1964 the attorneys for the Carr estates paid to the County Treasurer the amounts necessary to redeem from the 1962 and 1963 tax sales and received redemption certificates in return for such payments. On the same day the County Treasurer, by registered mail, advised Helen N. Lapp of the redemption of the 1962 and 1963 tax sales, and requested the return of the tax deed, erroneously issued to her, for cancellation. The return receipt was mailed to the County Treasurer on April 22, 1964. On April 24, 1964 Helen N. Lapp conveyed the property to John W. Senter, defendant herein.

Special Term determined that the tax deed was void, it being based upon the 1960 tax sale certificate which had been redeemed, and directed the County Treasurer to deliver an instrument of abandonment for signature by defendant as provided by section 1026 of the Real Property Tax Law. Final decision on the motion was withheld pending receipt and filing of the instrument of abandonment. When defendant failed to execute, acknowledge and deliver the instrument of abandonment, Special Term granted summary judgment declaring the tax deed granted to Helen N. Lapp and the subsequent deed to defendant null and void, and canceled, and awarding full and exclusive possession of the real property to plaintiffs.

Defendant contends that it was necessary for plaintiffs to establish that they had a legal right to redeem from the 1962 tax sale; that Helen N. Lapp had an absolute right to a conveyance after October 5, 1963 based upon the 1962 tax sale certificate; that section 1020 of the Real Property Tax Law provides that, after two years from the date of recording, there is a conclusive presumption that all prior proceedings were legal and in accordance with the provisions of law, and plaintiffs are precluded from questioning the title obtained under the tax deed, and that the recital in the deed that it was made pursuant to the tax sale of 1960 was an error which does not affect the title.

While section 1020 of the Real Property Tax Law provides that, after two years from the date of the record of conveyance, the presumption that the sale and all proceedings prior thereto shall be conclusive, it also provides that any such conveyance shall be subject to the cancellation by reason of the prior payment of the taxes, the nonpayment of which resulted in the sale. Here, the deed recited that it was made pursuant to the 1960

tax sale. Admittedly, defendant's predecessor in title redeemed that sale prior to the conveyance. The taxes for the year 1960 were paid prior to the conveyance, and it matters not who redeemed. (Real Property Tax Law, § 1010.)

The record does not establish that the deed was given pursuant to the 1962 tax sale, and that the 1960 tax sale was erroneously recited therein. Defendant's answering affidavit on the motion for summary judgment states that it was Helen N. Lapp's understanding that she was obtaining a tax interest in the premises described in the complaint by redeeming the 1960 and 1961 tax sale certificates, and further refers to a possible typographical error on the face of the deed. This affidavit is made by defendant who obviously has no actual knowledge of the facts, and, in the absence of a supporting affidavit by Helen N. Lapp or of a copy of a written application for the conveyance as provided by section 1018 of the Real Property Tax Law, it is insufficient to raise an issue of fact concerning an erroneous recital in the deed. Further, since the affidavit states that Helen N. Lapp understood she received a tax interest by redeeming the tax sale certificates for the years 1960 and 1961, it tends to confirm the recital in the deed. There being no evidence to establish an erroneous recital, the tax deed is null and void.

There is also another reason to declare this deed null and void. The tax deed conveys the property in question to the County of Rensselaer. At no time was the county the purchaser at a tax sale. The county was not then in the position where it could acquire an interest in the property, nor could it make an application for a conveyance. Section 1018 of the Real Property Tax Law provides for a conveyance to the purchaser at a tax sale. A conveyance to a party other than the purchaser at the tax sale is a nullity. The county, having acquired nothing in its deed, could not thereafter convey a valid interest to Helen N. Lapp.

When Helen N. Lapp acquired the 1962 and 1963 tax sale certificates, she acquired only an inchoate right to a conveyance of the real property. (*Matter of Blatnicky* v. *Ciancimino,* 1 A D 2d 383, affd. 2 N Y 2d 943.) This inchoate right to a conveyance is not absolute even in the event of nonredemption. Section 1018 of the Real Property Tax Law provides that if an application for a conveyance is not made within five years from the date of the sale, the tax sale certificate, except when held by the State, the county or the owner of record of the lands sold, shall become void, and no claim may thereafter be maintained thereon. The holder of the tax sale certificates for the years

1962 and 1963 has never attempted to enforce her rights to a deed thereunder by making an application to the County Treasurer for a conveyance. The Statute of Limitations has, therefore, run against the right of Helen N. Lapp to apply for a conveyance to her of a tax deed by reason of the tax sales to her in 1962 and 1963.

The order and judgment should be affirmed, with costs.

HERLIHY, P. J., COOKE, KANE and MAIN, JJ., concur.

Order and judgment affirmed, with costs.