■ 184TH STREET ZIV REALTY CORP., Appellant, v ENESBE CORPORATION et al., Respondents.—In an action, *inter alia,* to recover a deposit given in connection with a contract to purchase realty, plaintiff appeals from an order of the Supreme Court, Westchester County, entered July 21, 1977, which granted defendant Enesbe Corporation's motion to dismiss the complaint and denied its cross motion for summary judgment. Order modified by deleting therefrom the provision granting Enesbe Corporation's motion to dismiss the complaint and substituting therefor a provision that the said motion is denied. As so modified, order affirmed, without costs or disbursements. The correspondence submitted with Enesbe Corporation's motion to dismiss does not constitute sufficient documentary evidence upon which a complaint may be dismissed. Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.

■ THOMAS J. ORTALE, Appellant, v ROBERT M. ORTALE, Respondent, et al., Defendants.—In an action, *inter alia,* for the partition of real property, plaintiff appeals from a judgment of the Supreme Court, Orange County, dated March 31, 1977, which, after a trial upon an agreed statement of facts, *inter alia,* held that defendant-respondent was the sole owner of the property and dismissed the complaint. Judgment reversed, on the law and the facts, with costs, and action remanded to the Supreme Court for further proceedings not inconsistent herewith. Respondent's interest in the title to the entire premises is based upon a 1936 assignment of a tax certificate by the City of Newburgh to his predecessor in interest. No tax deed was issued by the city until respondent applied for one in 1975. Although the Newburgh City Charter contained no express time limit within which the holder of a tax certificate was required to apply for a deed, the charter, as it stood in 1936, contained a provision which adopted all provisions of the consolidated laws relating to the redemption of lands sold under execution which were not inconsistent with the charter (Newburgh City Charter, L 1917, ch 590, § 120, repealed by Local Laws, 1953, No. 4 of Newburgh, § 21). Former section 131 of the Tax Law, which applied to tax sales by the Comptroller or State Department of Taxation, required that purchasers of unredeemed land apply for a deed within five years of the final day of the sale. The failure to apply for a tax deed within that period resulted in the automatic voiding of the purchasers' tax certificate (see Tax Law, former § 131, repealed by Real Property Tax Law, § 1614), and barred the subsequent application for a deed (cf. *Chase v Senter,* 41 AD2d 281). Since that statute related to the redemption of lands sold under execution, and since it was not inconsistent with the statutory scheme for the sale of land to pay delinquent taxes set up by the City of Newburgh in its charter, it was error to ignore the five-year time limit. Accordingly, the City of Newburgh lacked authority to issue a deed in 1975. Rabin, J. P., Titone, Suozzi and Mollen, JJ., concur.